# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

THOMAS D. MARSHALL,       )
                                  )
           Petitioner,      )
                                  )
v.                               )        **Case No. CIV 06-504-RAW-KEW**
                                  )
WALTER DINWIDDIE, Warden,   )
                                  )
           Respondent.     )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections, challenges the revocation of his 5-year suspended sentence in Oklahoma County District Court Case No. CF-02-438 for Possession of a Controlled Dangerous Substance. The respondent has filed a motion to dismiss, alleging petitioner has failed to exhaust his state court remedies.

Petitioner alleges his suspended sentence was revoked because he was charged with a new crime, but the new crime later was dismissed. He also claims his counsel was ineffective in allowing the state court to revoke the suspended sentence, based on the untried and dismissed new crime. Petitioner further asserts his attorney filed for a continuance without petitioner's knowledge or permission.

The record shows that on July 16, 2002, petitioner entered a plea of guilty to one count of Possession of a Controlled Dangerous Substance (Cocaine) and one count of Possession of Drug Paraphernalia in Case No. CF-2002-438. He was sentenced to concurrent terms of five years and one year respectively, all suspended under the rules and

conditions of probation. Petitioner completed his term of probation for the Possession of Drug Paraphernalia. On June 24, 2005, he was charged with Domestic Abuse in Oklahoma County District Court Case No. CF-2005-3671. On August 17, 2005, the State filed an application to revoke petitioner's suspended sentence for the cocaine possession, alleging he had violated his probation by committing the new crime of Domestic Abuse.

The hearing on the application to revoke was held on September 30, 2005. The officer who investigated the domestic abuse incident testified, and petitioner's 5-year suspended sentence was revoked. Petitioner filed an appeal of the revocation to the Oklahoma Court of Criminal Appeals (OCCA), alleging the trial court erred in basing its revocation upon hearsay evidence, in violation of his rights to due process and his rights under the Confrontation Clauses of the Oklahoma and federal constitutions. (Docket #10, Exhibit 1). Petitioner's appellate counsel apparently filed a supplement to the appeal on March 14, 2006, advising the OCCA that the Domestic Abuse charge had been dismissed. (Docket #10, Exhibit 4).

The OCCA denied the revocation appeal, finding "the Evidence Code, and its hearsay restrictions, do not apply to a revocation proceeding." *Marshall v. State*, No. RE-2005-986, slip op. at 3 (Okla. Crim. App. July 28, 2006) (citing Okla. Stat. tit. 12, § 2103(B)(2). (Docket # 10, Exhibit 2). The OCCA further found the trial court did not rely solely on hearsay evidence, and circumstantial evidence also was presented at the hearing. *Id*., slip. op at 3-4. The OCCA noted the Domestic Abuse charge was dismissed on March 6, 2006, because a witness was unavailable. *Id*. slip op. at 1, n.1.

On August 8, 2006, petitioner filed a Petition for Rehearing with the OCCA, arguing his revocation should be vacated, because the Domestic Abuse charge had been dismissed.

2

(Docket #10, Exhibit 4). He also asserted the OCCA's decision in his direct appeal was in conflict with other controlling OCCA opinions. *Id*. The OCCA denied the petition for rehearing on August 25, 2006, finding as follows:

> The fact that charges were dismissed in Oklahoma County District Court Case No. CF-2005-3671 is not decisive of this case concerning the revocation of [petitioner's] suspended sentence. Moreover, *Cheadle* and *Linsome* are not applicable to this case because [petitioner's] suspended sentence was revoked based upon evidence duly presented during the revocation hearing, which established he committed the alleged violation of probation.

*Marshall v. State*, No. RE-2005-986, slip op. at 2 (Okla. Crim. App. Aug. 25, 2006). (Docket #10, Exhibit 6).

On March 23, 2006, while his revocation appeal was pending with the OCCA, petitioner filed an application for post-conviction relief in the trial court. *Marshall v. State*, No. CF-2002-438, slip op. at 1 (Oklahoma County Dist. Ct. June 6, 2006) (Docket #10, Exhibit 3). He raised six issues: (1) Petitioner was not allowed to confront and cross-examine the alleged witness; (2) The complaining witness was not called, so petitioner could not challenge the State's hearsay testimony; (3) Petitioner's right to confront witnesses was violated by the admission of hearsay evidence; (4) The officer who testified lied under oath and misled the court; (5) The revocation violated the state and federal constitutions; and (6) The State dismissed the charges in Case No. CF-2005-3671. *Id*, slip op. at 2-3. On June 6, 2006, while the revocation appeal still was pending, the trial court denied petitioner's post-conviction application, finding as follows:

> Each of Petitioner's claims could have been raised on direct appeal of his revocation hearing. Petitioner does not offer this court any reason, external to the defense, for failing to previously assert these issues. Thus consideration of these propositions of error is barred by the doctrine of waiver. Although the Court of Criminal Appeals has stated that where a claim is procedurally barred

there is no need to address the merits of the issues presented, *Boyd v. State*, 915 P.2d 922, 924 (Okla. Crim. App. 1996), Petitioner's individual claims are without merit.

*Id.*, slip op. at 3.

On August 8, 2006, petitioner filed a second application for post-conviction relief in the Oklahoma County District Court. (Docket #10, Exhibit 5). He again challenged the revocation, because the Domestic Abuse charge was dismissed. He also alleged his trial attorney was ineffective in failing to argue the Domestic Abuse case was not final, and in allowing the State's witnesses to commit perjury. Petitioner further asserted his appellate counsel was ineffective in failing to argue the Domestic Abuse case was not final. The application was denied on April 12, 2007. (Docket #18, Exhibit 2).

The respondent argues that neither of petitioner's claims have been exhausted. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Petitioner maintains he raised his claim regarding the dismissal of the Domestic Abuse charge in his Petition for Rehearing before the OCCA. The Tenth Circuit Court of Appeals,

however, has held in an unpublished opinion that raising the issue in this manner will not exhaust the claim. *Scott v. Franklin*, 122 Fed. Appx. 980, 983 (10th Cir. 2005). Although petitioner raised the issue in his post-conviction applications, he did not appeal the denials of post-conviction relief to the OCCA. Furthermore, even if this claim were deemed to have been exhausted, petitioner has failed to show the revocation violated his constitutional rights. Federal habeas relief is available only for errors of "the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Fero v. Kerby*, 39 F.3d 1462, 1474 (10th Cir. 1994), *cert. denied*, 515 U.S. 1122 (1995).

Petitioner's ineffective assistance of counsel claims also are unexhausted. The claims were raised in his second post-conviction application, but petitioner did not appeal his post-conviction denial to the OCCA. The court finds petitioner has failed to meet his burden of proving exhaustion for his ineffective assistance of counsel claims. *See Clonce*, 640 F.2d at 273.

**ACCORDINGLY,** the respondent's motion to dismiss (Docket #8) is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE in its entirety. Petitioner's motion for declaratory judgment (Docket #19) is DENIED as moot.

**IT IS SO ORDERED** this 13th day of September 2007.

Ronald A. White
United States District Judge
Eastern District of Oklahoma